By the Court.
It is provided by statute that each person charged with taxes on a tax duplicate, in the hands of a county treasurer, may pay the full amount of such taxes on or before the twentieth day of December, or one-half thereof on or before the twentieth day of December, and the remaining half thereof on or before the twentieth day of June, next ensuing. Revised Statutes, section 1091.
*325 It is further provided by section 1094 of the Revised Statutes, as follows: “When one-half of the taxes, as aforesaid, charged against any entry, on a tax duplicate in the hands of a county treasurer, is not paid on or before the twentieth day of December next, after the same has been so charged, or when the remainder of such taxes is not paid on or before the twentieth day of June next thereafter, the county treasurer shall proceed to collect the same by distress or otherwise, together with a penalty of five per centum on the amount of taxes so delinquent (which penalty shall be for the use of the treasurer as a compensation for such collection); and in all cases where such half of any taxes, other than on real estate, has not been paid on the twentieth day of 'December, the whole amount of taxes, other than real estate, for the current year, so charged, shall he due and delinquent, and shall be collected in the manner and with the penalty provided in this section. ’ ’
And by section 2844, of the Revised Statutes : “When one-half the taxes charged against any entry of real estate shall not be paid on or before the twentieth day of December, in that year, or collected by distress -or otherwise prior to the February settlement, a penalty of fifteen per cent, thereon shall be added to such half of said taxes on the duplicate; and if said taxes and penalty, including the remaining half of such taxes, shall not be paid on or before the twentieth of June next thereafter, or collected by distress or otherwise prior to the next August settlement, the same penalty shall be charged on said last half of said taxes. ’ ’
It will be seen, that section 2844, regulating the penalty on non-payment of real estate taxes, *326 contemplates an effort to collect by distress or otherwise, prior to the February settlement and the August settlement, not only the first and second half of the yearly taxes, but also a penalty of fifteen per cent. Section 1094, directs that the treasurer shall proceed to collect the delinquent taxes by distress or otherwise, with a penalty of five per centum on the amount thereof, for his own use, as a compensation for such collection.
The question, however, arises, shall the penalty of five per centum be had not only upon the taxes that are for the first time delinquent, but upon the penalty assessed thereon. We think the penalty of five per centum is to be limited to an original delinquent tax, and is not collectible on any subsequent penalty that may be charged upon the duplicate against the land on account of such delinquency. The statute is not to be construed as imposing a penalty upon a penalty. White v. Woodward, 44 Ohio St., 347. It is contended, however, that the five per centum is not to be regarded in the light of a penalty, but rather as a compensation to the treasurer. But such per centum is exacted under the statute, for non-payment of taxes due on the 20th of December and the 20th of June; and in the language of the statute it is designated as a penalty. It is a penalty applied in compensation of the treasurer, in like manner as out of the taxes on personal propertjq and the ten per centum penalty added thereto the treasurer, finder section 2856 of the Revised Statutes, is allowed for his services five per centum on the amount collected.
The five per centum penalty awarded to the treasurer by section 1094, was designed to stimulate his activity in collecting the taxes unpaid on the 20th of December and the 20th of June, *327 so that, in making his semi-annual settlement with the county auditor, he might be able to report such taxes as paid, and not liable to come again upon the duplicate as delinquent. But to entitle the treasurer to the compensation allowed under section 1094, he must render the prescribed service. He must proceed to collect, and collect the delinquent taxes by distress or otherwise, together with the penalty of five per centum on the amount of taxes so delinquent.
It is conceded that the treasurer cannot earn his commission by merely standing behind the counter and receiving the tax the next day after the 20th of December. If he would proceed to collect, and collect the delinquent tax otherwise than by distress, he may collect by procuring a rule of court, as provided by section 1097 of Revised Statutes; or, by attachment and garnishee process as described in section 1102 of the Revised Statutes; or, by-action as provided in section 1104 of the Revised Statutes; or, by special effort in person or through agent, and not by simply holding himself out as ready to receive the taxes due, or making a formal request of the taxpayer, or giving notice to taxpayers generally to pay their delinquent taxes.
In the case at bar, the efforts made by the treasurer to collect the taxes and assessments were not such as would meet the requirement of the statute. No suit was begun; no attempt was made to collect by distress; and there was no resort to any other summary mode of procedure.
In June, 1892, and again in December, 1892, the plaintiff in error, as treasurer of Lucas county, handed to William Barrett a statement of the amount charged at those respective dates upon the .Explicate against the land, and reqxxested payment. *328 And in November, 1892, he mailed to Mr. Barrett a' copy of the printed notice, signed by him as treasurer, dated at Toledo, November 1, 1892, addressed to taxpayers generally, and stating that their December taxes must thereafter be paid by December 20, or five per cent penalty would be charged thereon. But such action on the part of the treasurer, was not, in our judgment, such a proceeding’ to collect the taxes and assessment by distress or otherwise, as is requisite to entitle the treasurer to the five per centum penalty under section 1094.

Judgment affirmed.